**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEC INTERNATIONAL, INC., a Wisconsin corporation,<br><br>              Plaintiff,<br>   v.<br><br><br>WESTCHESTER FIRE INSURANCE COMPANY, a New York company, and WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia company,<br><br>              Defendants. | Case No.   FILED: APRIL 21, 2008<br>                08CV2250<br>                JUDGE MANNING<br>                MAGISTRATE JUDGE ASHMAN<br><br>[FILED ELECTRONICALLY]<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff DEC International, Inc. ("DEC") seeks declaratory relief and related damages against Westchester Fire Insurance Company ("Fire") and Westchester Surplus Lines Insurance Company ("Surplus") and alleges that:

**The Parties**

1. Plaintiff, DEC International, Inc., is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 5950 Seminole Centre Court, Suite 145, Madison, Wisconsin 53711.

2. Defendant, Westchester Fire Insurance Company, is and at all times mentioned herein was, an insurance company organized and existing under the laws of the State of New York, authorized to transact business in the State of Illinois and through its designated representative, Swett & Crawford of Illinois, Inc., maintained an office at 20 North Wacker Drive, 40th Floor, Chicago, Illinois 60606.

3.     Defendant, Westchester Surplus Lines Insurance Company, is and at all times mentioned herein was, an insurance company organized and existing under the laws of the State of Georgia, authorized to transact business in the State of Illinois and through its designated representative, Swett & Crawford of Illinois, Inc., maintains an office at 20 North Wacker Drive, 40th Floor, Chicago, Illinois 60606.

4.     Defendants Fire and Surplus are related entities in that they share a common corporate parent.

## Jurisdiction

5.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201. This Court has jurisdiction over this action pursuant to § 1332 in that complete diversity exists between the Plaintiff and the Defendants. Plaintiff is a Wisconsin corporation with its principal place of business in Madison, Wisconsin; Fire is a New York company with its principal place of business in Los Angeles, California; and Surplus is a Georgia company with its principal place of business in Los Angeles, California.

6.     The amount in controversy exceeds the sum of $75,000 exclusive of interests and costs, and in addition to other and further relief, declaratory relief is sought in accordance with 28 U.S.C. § 2201.

## Venue

7.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a).

8.     Defendants Fire and Surplus, through its designated representative Swett & Crawford of Illinois, Inc., are both insurance companies actively selling insurance policies in Illinois and negotiated the terms of and sold the underlying policies to the

Plaintiff in this District through Plaintiff's agent AON Risk Services of Illinois, Inc. Defendants Fire and Surplus are subject to personal jurisdiction in the Northern District of Illinois.

9. The underlying policies were intended to cover claims arising from Plaintiff's business operations within Illinois as well as throughout the United States.

### Nature of the Case

10. This is an action to establish that Defendants Fire and Surplus, or one of them, breached their duty to defend and/or indemnify DEC by failing or refusing to reimburse attorneys' fees and costs incurred by DEC and to indemnify DEC in connection with an action against DEC currently pending in the Superior Court of the State of California, County of Stanislaus, styled *Ollimac Dairy, Inc. v. DEC International, Inc.*, et al., Case No. 375287 (the "Ollimac Action").

### The Policies

11. Fire issued Policy No. GLS 682426 (the "2001 Fire Policy") to DEC with a policy period of January 1, 2001 to and including January 1, 2002. Pursuant to the terms of the 2001 Fire Policy, DEC was required to enter into a contract with Cambridge Intergrated Services Group, Inc. of Chicago, Illinois ("Cambridge") to act as Fire's designated Third Party Claims Administrator.

12. Fire issued Policy No. GLS 863535 (the "2002 Fire Policy") to DEC with a policy period of January 1, 2002 to and including January 1, 2003. Pursuant to the terms of the 2002 Fire Policy, DEC was further required to enter into a contract with Cambridge as Fire's designated Third Party Claims Administrator.

13.  Surplus issued Policy No. PLS7662221 (the "Surplus Policy") to DEC with a policy period of January 1, 2003 to and including January 1, 2008. Pursuant to the terms of the Surplus Policy, DEC was also required to enter into a contract with Cambridge as Surplus' designated Third Party Claims Administrator.

14.  On or about October 30, 2006, DEC was served with the Amended Complaint in the Ollimac Action.

15.  On or about October 31, 2006, the Amended Complaint in the Ollimac Action was tendered to Cambridge, as the Third Party Claims Administrator for both Fire and Surplus, with a request that Fire and/or Surplus defend and indemnify DEC in accordance with the terms of the 2001 Fire Policy, the 2002 Fire Policy and/or the Surplus Policy.

16.  Almost one (1) year later, on or about October 12, 2007, Fire determined that it had no duty to defend or indemnify DEC in connection with the Ollimac Action and so advised DEC in writing on that date.

17.  To date, almost eighteen (18) months after the tender of the defense of the Ollimac Action, Surplus has not responded to DEC's tender and request that Surplus defend and indemnify DEC in accordance with the terms of the Surplus Policy.

18.  On April 18, 2008, counsel for DEC received a further Amended Complaint in the Ollimac Action and on that same day tendered the further Amended Complaint to Cambridge, as the Third Party Claims Administrator for both Fire and Surplus, with a request that Fire and/or Surplus defend and indemnify DEC in accordance with the terms of the 2001 Fire Policy, the 2002 Fire Policy and/or the Surplus Policy.

19.     DEC has fully complied with all terms of the 2001 Fire Policy, the 2002 Fire Policy and the Surplus Policy including without limitation the payment of the Self-Insured Retention.

## Count I
### (Declaratory Relief Against Fire - Coverage)

20.     DEC incorporates the allegations of the above paragraphs in this Complaint as if fully set forth herein.

21.     Fire has breached the 2001 Fire Policy and the 2002 Fire Policy by refusing to defend and indemnify DEC with respect to the Ollimac Action.

22.     A genuine and actual controversy exists between DEC and Fire respecting whether Fire owes a duty to defend and indemnify DEC on account of the claims asserted against DEC in the Ollimac Action.

## Count II
### (Declaratory Relief Against Surplus - Coverage)

23.     DEC incorporates the allegations of the above paragraphs in this Complaint as if fully set forth herein.

24.     Surplus has breached the Surplus Policy by refusing to defend and indemnify DEC with respect to the Ollimac Action.

25.     A genuine and actual controversy exists between DEC and Surplus respecting whether Surplus owes a duty to defend and indemnify DEC on account of the claims asserted against DEC in the Ollimac Action.

## Count III
### (Waiver Against Fire)

26.     DEC incorporates the allegations of the above paragraphs in this Complaint as if fully set forth herein.

27. Fire waived its right to refuse to defend and indemnify DEC with respect to the Ollimac Action by knowingly and intentionally waiting almost a year to respond to DEC's tender of the Ollimac Action which was unreasonable in duration and contrary to the terms of the 2001 Fire Policy and 2002 Fire Policy.

### Count IV
### (Waiver Against Surplus)

28. DEC incorporates the allegations of the above paragraphs in this Complaint as if fully set forth herein.

29. Surplus waived its right to refuse to defend and indemnify DEC with respect to the Ollimac Action by knowingly and intentionally never responding to DEC's tender of the Ollimac Action which was unreasonable in duration and contrary to the terms of the Surplus Policy.

### **PRAYER FOR RELIEF**

WHEREFORE, DEC prays for judgment against Fire and Surplus as follows:

1. That the Court issue judgment declaring that Fire:

   a. Breached its duty to defend and indemnify DEC under the 2001 Fire Policy and/or the 2002 Fire Policy against all claims in the Ollimac Action;

   b. Breached its duty to promptly pay all attorneys' fees and costs incurred by DEC in defense of the claims asserted in the Ollimac Action, with interest accruing at the applicable legal rate; and

   c. Breached its duty to pay all attorneys' fees and costs incurred by DEC in pursuing the instant coverage claim.

2. That the Court issue judgment declaring that Surplus:

    a.    Breached its duty to defend and indemnify DEC under the Surplus Policy against all claims in the Ollimac Action;

    b.    Breached its duty to promptly pay all attorneys' fees and costs incurred by DEC in defense of the claims asserted in the Ollimac Action, with interest accruing at the applicable legal rate; and

    c.    Breached its duty to pay all attorneys' fees and costs incurred by DEC in pursuing the instant coverage claim.

3.    Awarding DEC damages consistent with that amount necessary to reimburse DEC for all attorneys' fees and costs incurred in the Ollimac Action (less the Self-Insured Retetion), together with interest thereon at the legal rate of 10% per annum from the date of invoice;

4.    Awarding DEC is attorneys' fees in this coverage action, taxable costs, other costs and the maximum statutory amount for Fire's and Surplus' unreasonable and vexatious conduct pursuant to applicable Illinois law, including 215 Ill. Comp. Stat. Ann. 5/155; and

5.    For such other and further relief as the Court may deem just and proper.

Dated this 21st day of April 2008.

        Respectfully submitted,

        DEC INTERNATIONAL, INC.

        By: /s/ Stephen E. Garcia
            One of its Attorneys

Stephen E. Garcia (#6196573)
53 West Jackson Blvd., Suite 1660

Chicago, Illinois 60604
(312) 834-0206
(512) 834-0291 Facsimile
Email: stephengarcia312@sbcglobal.net

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues subject to the Complaint.

Dated this 18th day of April 2008.

                                       Respectfully submitted,

                                       DEC INTERNATIONAL, INC.

                                       By: /s/ Stephen E. Garcia
                                               One of its Attorneys

Stephen E. Garcia (#6196573)
53 West Jackson Blvd., Suite 1660
Chicago, Illinois 60604
(312) 834-0206
(512) 834-0291 Facsimile
Email: stephengarcia312@sbcglobal.net